United States District Court
Southern District of Texas
**ENTERED**
May 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW CHRISTOPHER BLAIR, (SPN # 02265392) | § § § § § § | |
| *Petitioner*, | § § | |
| vs. | § § | CIVIL ACTION NO. H-26-3123 |
| ED GONZALEZ, as Harris County Sheriff, | § § § § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Andrew Christopher Blair, (SPN # 02265392), was formerly detained in the Harris County Jail. Proceeding *pro se* while detained in the jail, he filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2241, asking this Court to remove a federal detainer lodged against him in *United States v. Blair*, Crim. No. 4:25-cr-260-1 (S.D. Tex.). (Dkt. 1). He alleges that he is entitled to habeas relief because the detainer is interfering with his release from county jail on unrelated state-court charges. (*Id.* at 6). Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts,[1] this Court is required to review a

---

[1]Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for writ of habeas corpus, including those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1/ 5

petition for federal habeas corpus relief and summarily dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief." After considering Blair's petition, all matters of record, and the law, the Court dismisses his petition for the reasons explained below.

## I.　BACKGROUND

Blair was indicted in June 2017 on federal charges of conspiracy to distribute and possess with intent to distribute methamphetamine and aiding and abetting the sale, distribution, or dispensing of methamphetamine. *See United States v. Blair*, Crim. No. 5:17-cr-00506-DAE-3 (W.D. Tex. Sept. 15, 2020), at Dkt. 13. In October 2017, he pleaded guilty to the aiding and abetting charge, and the conspiracy charge was dismissed. *Id.* at Dkt 61. In July 2018, he was sentenced to 78 months in prison with credit for time served, to be followed by five years of supervised release. *Id.* at Dkt 98.

In May 2023, Blair was released from prison to begin serving his supervised release. *Id.* at Dkt 164. His supervision was later transferred to the Southern District of Texas. *Id.* at Dkt. 176. In November 2025, the Government filed a pleading in the Southern District case alleging that Blair had violated the terms of his supervised release. *See United States v. Blair*, Crim. No. 4:25-cr-00260-1 (S.D. Tex.), at Dkt 5. That pleading triggered the issuance of a warrant for his arrest. *Id.* at Dkt 6.

Before his arrest on the federal warrant, Blair was arrested on state charges of

2/ 5

assault on a family member in Harris County Cause Number 1938666 and possession of a controlled substance in Harris County Cause Number 1947991. *See* Search our Records, www.hcdistrictclerk.com (visited May 12, 2026). Based on the federal arrest warrant, the Government lodged a detainer against Blair in the state-court proceedings. *Id.* In March 2026, Blair pleaded guilty to the state-court assault charge, the possession charge was dismissed, and he was sentenced to one year in county jail with credit for time served. *Id.*

In April 2026, Blair filed this federal habeas corpus petition, claiming that the federal detainer is preventing his release from county jail. (Dkt. 1, p. 6). He alleges that his continued detention in county jail on the federal detainer violates his Fourteenth Amendment due process rights and his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.*). He asks this Court to remove the federal detainer and reinstate his federal supervised release. (*Id.* at 7).

## II.    DISCUSSION

Blair is not entitled to the relief he seeks for two reasons. First, he does not state a claim for which habeas corpus relief is available. Habeas relief is available to a person in custody only if that custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The sole function of a habeas petition is to challenge the <u>cause</u> of the underlying detention. *See Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). It may

3/ 5

not be used to challenge matters other than the legality of the petitioner's ongoing custody. *Id.* at 936.

But in his petition, Blair does not challenge the legality of his state court conviction, which is the cause of his underlying detention in the county jail. And while he alleges that the federal detainer is causing his continued detention, he is not in custody under that detainer and therefore cannot challenge its validity. *See, e.g., Ellis v United States*, No. 6:24-cv-099, 2024 WL 4941318, *2 (E.D. Tex. Oct. 15, 2024) (collecting cases holding that a federal detainer, standing alone, does not place a state inmate in federal custody for purpose of the "in custody" requirement for habeas relief). Moreover, "a writ of habeas corpus may not be used . . . as a substitute for the ordinary proceedings of a trial court." *United States v. Bowler*, 62 F.3d 397, 1995 WL 449713, *2 (5th Cir. 1995) (per curiam). If Blair seeks to challenge the validity of the federal detainer, he must do so in his federal criminal action rather than through a separate action for habeas corpus relief. His petition for writ of habeas corpus must be dismissed because it fails to state a viable claim for relief under either § 2254(a) or § 2241(c)(3).

Second, even if the petition stated a viable claim, it would be dismissed because it appears to now be moot. Blair's petition seeks his release from county jail; however, publicly available records show that he is no longer incarcerated there. *See* Find an Inmate, www.harriscountyso.org (visited May 13, 2026). Instead, it

4/ 5

appears that as of May 12, 2026, he is in the custody of the United States Marshal Service. *See United States v. Blair*, Crim. No. 4:25-cr-260-1 (S.D. Tex.), at 5/12/2026 minute entry. His habeas corpus claim seeking release from county jail thus appears moot and must be dismissed on this basis as well.

## III.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Blair's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED with prejudice** for failing to state a claim.

2. Any pending motions are **DENIED as moot**.

3. A certificate of appealability is **DENIED**. *See Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

The Clerk will provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas on _____ *May 14,* _____, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

5/ 5